UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER JOHN LOVE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil No. 10-91-P-H |
| | ) |
| ROYAL FLEET AUXILARY, | ) |
| et. al, | ) |
| | ) |
|     Defendants | ) |

**DECISION GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDING DISMISSAL OF COMPLAINT**

Christopher John Love has filed a complaint naming the Royal Fleet Auxiliary, the Ministry of Defense, and the Government of the United Kingdom of Great Britain as defendants. He has also filed a motion to proceed in forma pauperis. Love resides in Cornish, Maine. He alleges that the defendants violated his rights under international seafarer law and the Geneva Convention. On his application to proceed without prepaying fees or costs, Love indicates that in September 2009 he took early retirement from the United Kingdom and gets occasional cash loans from relations. He represents that he has no employment, $23.00 in cash, and $5.00 in a checking account. He also indicates that he owns a home in Plymouth, UK that is worth about $320,000 on which there is a mortgage.

Although I have some question about whether or not Love could pay the filing fee, I grant the motion to proceed in forma pauperis. I have screened this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and conclude that it should be dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Love seems to believe that he has been discriminated against as a seafarer. However, the allegations of his one-page complaint and the attached pages from some sort of text do not state a cognizable claim in this court against

these named defendants. To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Love's is a pleading that does no more than offer "'labels and conclusions'" Id. (citing Bell Atlantic Corp., 550 U.S. at 555). It is also one that "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 557). There are no factual averments in Love's complaint whatsoever and the complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) and Iqbal.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 5, 2010.